IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-cv-00044-M

BANKERS LIFE AND CASUALTY )
COMPANY, )
 )
                         Plaintiff, )
 )
v. )                        **OPINION**
 )              **AND ORDER**
JANET BURDETTE; JENNIFER )
TALAVERA; and KENNETH R. SMITH, )
Trustee of the Shirley J. Tilton Irrevocable )
Trust, )
 )
                     Defendants. )

This interpleader action concerning the proceeds of an insurance policy comes before the court on: (1) Plaintiff Bankers Life and Casualty Company's motion for discharge and an injunction, filed April 29, 2020 [DE-13]; (2) Plaintiff's motion to strike Defendant Kenneth R. Smith's ("Smith") motion to dismiss Plaintiff's complaint, filed June 1, 2020 [DE-23]; and (3) Plaintiff's motion to dismiss Smith's counterclaim brought against it, filed June 1, 2020 [DE-25].

For the reasons that follow, Plaintiff's motions are GRANTED, DISMISSED AS MOOT, and GRANTED, respectively. The court will adjudicate the competing claims between Defendants by separate order at a later date.

**I.    Background**

On March 10, 2020, Plaintiff filed its interpleader complaint pursuant to 28 U.S.C. § 1335. [DE-1] Within the complaint, Plaintiff alleges that it is an insurance company that issued a "Single Premium Deferred Annuity Policy" to Shirley J. Tilton (the "Decedent"), who died earlier this year. [DE-1 ¶¶ 1–6]

1

Defendants each thereafter claimed to be the beneficiaries of the policy, and Plaintiff filed this interpleader action seeking to have the court adjudicate the competing beneficiary claims, claiming itself to be an innocent stakeholder and stating that it cannot determine who is legally entitled to the proceeds of the policy. [DE-1 ¶¶ 7–13] Along with its complaint, Plaintiff filed a motion to deposit funds representing the proceeds of the policy with the court [DE-4], which the court granted [DE-9], and Plaintiff thereafter moved pursuant to 28 U.S.C. § 2361[1] for an order: (1) discharging Plaintiff from further liability and enjoining Defendants from seeking to hold Plaintiff liable in connection with the policy in any other proceeding; and (2) granting Plaintiff its costs incurred in filing suit from the funds Plaintiff deposited with the court. [DE-13]

Defendants answered the complaint and filed certain counterclaims and crossclaims thereafter. [DE-18, 19] As relevant to this order, within his May 12, 2020 answer, Smith: (1) moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"); and (2) counterclaimed against Plaintiff for breach of contract, "Lack of Capacity[,]" declaratory judgment, and substantial compliance. [DE-19 at 1–2, 12–17] In response, on June 1, 2020, Plaintiff: (1) moved to strike Smith's Rule 12(b)(6) motion pursuant to Federal Rule of Civil Procedure 12(f) [DE-23]; and (2) moved to dismiss Smith's counterclaims pursuant to Rule 12(b)(6) [DE-25].

Plaintiff's motions have each been fully briefed and are ripe for adjudication.

## II. Analysis

A court in this circuit summarized interpleader earlier this year as follows:

> Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund. The device relieves the [disinterested] stakeholder of the risk of guessing which claimant should be the beneficiary of a contested fund.

---

[1] *See infra* note 2.

2

> An interpleader action generally proceeds in two stages. First, the court determines whether the stakeholder has properly invoked interpleader. In determining whether interpleader is proper, the [c]ourt must consider whether:
>
> > (1) it has jurisdiction over the suit;
> >
> > (2) a single fund is at issue;
> >
> > (3) there are adverse claimants to the fund;
> >
> > (4) the stakeholder is actually threatened with multiple liability; and
> >
> > (5) equitable concerns would prevent the use of interpleader.
>
> If interpleader is appropriate, the court then dismisses the plaintiff from the action and, in the second stage, determines the rights of the remaining defendants.

*Midland Nat'l Life Ins. Co. v. Wilkes*, No. 1:19-CV-772, 2020 U.S. Dist. LEXIS 13716, at *4–5 (M.D.N.C. Jan. 28, 2020) (internal quotation marks, brackets, and citations omitted). At the end of the first stage, if it determines that interpleader has been appropriately invoked under 28 U.S.C. § 1335 in light of the five *Midland* considerations:

> a district court may . . . enter [an] order restraining [claimants to the fund] from instituting or prosecuting any proceeding in [state or federal court] affecting the property, instrument or obligation involved in the interpleader action until further order of the court. . . . Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

Plaintiff's motions only concern the first stage of interpleader, i.e., the questions of whether Plaintiff's invocation of 28 U.S.C. § 1335 is proper and whether Plaintiff is entitled to discharge, an injunction, and costs. The court will address Plaintiff's motions in turn.

3

### a. *Plaintiff's motion for discharge, an injunction, and costs*

In its April 29, 2020 motion and supporting memorandum, Plaintiff argues that it has properly invoked statutory interpleader under 28 U.S.C. § 1335.[2] To determine whether Plaintiff is entitled to discharge and an injunction thereunder, the court must analyze the five *Midland* considerations mentioned above.

First, regarding statutory-interpleader jurisdiction, "[a]n interpleader action may be brought under 28 U.S.C. § 1335 if [1] the amount in controversy is $ 500 or more, [2] diversity exists between any two contending claimants, and [3] the stakeholder has deposited the money or property at issue into the court." *Am. Gen. Life & Accident Ins. Co. v. Galyean*, Civil Action No. 7:05cv00472, 2006 U.S. Dist. LEXIS 32447, at *3 (W.D. Va. May 23, 2006); *see State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (discussing 28 U.S.C. § 1335's minimal-diversity requirement). Plaintiff has deposited the policy proceeds of $77,520.61 plus interest—which exceed the $500 amount-in-controversy threshold—with the court. [DE-9] Further, it is admitted that Smith is a citizen of Michigan[3] [DE-1 ¶ 4; DE-19 ¶ 4] and that Defendants Janet Burdette and Jennifer Talavera are citizens of North Carolina [DE-1 ¶¶ 2–3; DE-18 ¶¶ 2–3], meaning that the minimal diversity necessary to bring a 28 U.S.C. § 1335 action exists. The court therefore concludes that it has jurisdiction over this dispute.

---

[2] Plaintiff also invoked Federal Rule of Civil Procedure 22 ("Rule 22") within its April 29, 2020 motion [DE-13 at 1], but invoked 28 U.S.C. § 1335 alone within its complaint [DE-1 ¶ 5]. The court therefore construes Plaintiff as having invoked 28 U.S.C. § 1335 and as seeking a discharge and injunctive relief pursuant to 28 U.S.C. § 2361. *See Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015) ("statutory interpleader" under 28 U.S.C. § 1335 and "rule interpleader" under Rule 22 are "two types of interpleader" which "differ in jurisdictional requirements but not in substance").

[3] "[W]hen a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016).

4

Regarding the second and third factors, the proceeds of the Decedent's policy with Plaintiff plainly comprise a single fund [DE-1-2] to which Defendants have made adverse claims [*see* DE-1-6–8]. Fourth, Defendants' competing claims expose Plaintiff to the potential for multiple liability. *See Galyean*, 2006 U.S. Dist. LEXIS 32447 at \*5 ("the dispute over the beneficiary designation of the policy and the competing claims to the proceeds give rise to plaintiff's multiple liability"). And finally, there are no alleged facts raising equitable concerns that militate against the use of interpleader here: the Decedent died in January [DE-1 ¶ 6], Defendants' competing beneficiary claims were filed in February [DE-1-6–8], and Plaintiff's interpleader suit was filed in March [DE-1] of this year. *See Allstate Life Ins. Co. v. Ellett*, Civil Action No: 2:14cv372, 2015 U.S. Dist. LEXIS 13526, at \*4 n.2 (E.D. Va. Feb. 4, 2015) ("Equitable concerns include whether the plaintiff has acted in bad faith or delayed unreasonably in bringing the interpleader action.").

Accordingly, all five *Midland* considerations militate in Plaintiff's favor. The court therefore concludes that Plaintiff's interpleader claim is properly brought and that Plaintiff is entitled to discharge from any and all further liability in this matter and an injunction restraining any proceedings against it in connection with the Decedent's policy.

That leaves the question of costs. Plaintiff has asked the court to grant its costs in filing the action, but has expressly disclaimed attorney's fees. [DE-13-1 at 5–6] The Fourth Circuit has said that "[d]espite the lack of an express reference in the federal interpleader statute to costs or attorney's fees, federal courts have held that it is proper for an interpleader plaintiff to be reimbursed for costs associated with bringing the action forward." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Sprague*, 251 F. App'x 155, 156 (4th Cir. 2007) (unpublished) (collecting cases). The award of such fees is committed to the discretion of the district court, and such awards are generally drawn from the interpleaded fund. *Id.* at 156–57. The

5

court concludes in its discretion that Plaintiff's request for costs should be allowed and drawn from the fund that Plaintiff deposited with the court.

### b. *Plaintiff's motion to strike*

The court's conclusion that Plaintiff's motion for discharge and an injunction should be granted renders moot Plaintiff's motion to strike Smith's Rule 12(b)(6) motion.

### c. *Plaintiff's motion to dismiss Smith's counterclaims*

As mentioned above, Smith counterclaimed against Plaintiff for breach of contract, "Lack of Capacity[,]" declaratory judgment, and substantial compliance [DE-19 at 1–2, 12–17], and Plaintiff has moved to dismiss the same pursuant to Rule 12(b)(6) [DE-25].

A party against whom a claim has been brought may move pursuant to Rule 12(b)(6) arguing that the claim "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the well-pleaded factual allegations of the claim, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit has said:

> [W]here a stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claimants, its failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty. . . . [W]here a stakeholder is blameless with respect to the existence of the ownership controversy, the bringing of an interpleader action protects it from liability to the claimants both for further claims to the stake and for any claims directly relating to its failure to resolve that controversy.

*Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 265 (3d Cir. 2009). In *Prudential*, the Third Circuit panel affirmed a grant of summary judgment to an insurance company against whom counterclaims for breach of contract, negligence, breach of fiduciary duty, bad faith, and unfair trade practices had been brought, because the bases for the counterclaims were the insurance company's alleged failures to process

6

a change-in-beneficiary form and pay the policy proceeds to the counterclaimant. *Id.* at 264–65. Because the panel held that these counterclaims were not "truly independent" of the interpleaded controversy, the insurance company was entitled to judgment as a matter of law on them. *Id.*

Courts in this circuit have applied *Prudential* in granting Rule 12(b)(6) motions to dismiss counterclaims brought against interpleading insurance companies where the counterclaims were not independent of the interpleaded controversy. *See, e.g., CMFG Life Ins. Co. v. Schell*, Case No.: GJH-13-3032, 2014 U.S. Dist. LEXIS 176841, at *6–10 (D. Md. Dec. 22, 2014) (granting Rule 12(b)(6) motions to dismiss counterclaims for breach of contract and breach of fiduciary duty: "The issue raised by the counterclaims is the precise issue raised in this interpleader action: whether the change in beneficiary form [sic] is valid or invalid. As there are legitimately competing claims over the validity of the change in beneficiary from, [interpleading insurance company] cannot be liable for a counterclaim based on their failing to resolve the competing claims in [counterclaimants'] favor."); *see also Nat'l Life Ins. Co. v. Kiser*, No. 5:09-CV-87-FL, 2010 U.S. Dist. LEXIS 163665, at *7–10 (E.D.N.C. Jan. 19, 2010) (following *Prudential* and dismissing counterclaims for conspiracy, breach of contract, and unfair trade practices under Federal Rule of Civil Procedure 12(c) for the same reasons: "When a party counterclaims the interpleading plaintiff for breach of contract, it undermines the entire purpose behind interpleader actions: to shield a disinterested stakeholder from unnecessary litigation.").

None of Smith's counterclaims are independent of the interpleaded controversy regarding which Defendants are the proper beneficiaries of the Decedent's policy with Plaintiff. First, Smith's counterclaim for breach of contract is based upon Plaintiff's "failing and refusing to recognize the February 19, 2018 Life and Annuity Policy Information Form and refusing to pay the Policy proceeds to Defendant Smith[.]" [DE-19 ¶ 53] Since Plaintiff's "failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty," *Prudential*, 553 F.3d at 265, it follows that

7

such alleged failures cannot amount to a breach of contract. Second, the "Lack of Capacity" counterclaim—which does not invoke any legally-cognizable cause of action—merely provides an argument regarding the Decedent's mental capacity to designate Burdette and Talavera as beneficiaries under the policy. [DE-19 ¶¶ 61–70] Third, the declaratory-judgment counterclaim "seeks a declaration from [the court] that [Smith] . . . is the rightful, lawful beneficiary of the Policy." [DE-19 ¶ 75] And finally, the substantial-compliance counterclaim asks the court to apply equitable principles to determine that Smith should be awarded the proceeds. [DE-19 ¶¶ 78–80] Each of these counterclaims concerns the "precise issue raised in this interpleader action" of who is legally entitled to the proceeds of the Decedent's policy. *CMFG*, 2014 U.S. Dist. LEXIS 176841 at *9.

The court acknowledges that another counterclaim in which the counterclaimant plausibly alleged that the insurer's conduct was itself "to blame for the dispute over entitlement to the proceeds" of a policy could survive a Rule 12(b)(6) challenge. *Prudential*, 553 F.3d at 266; *see Provident Mut. Life Ins. Co. v. Ehrlich*, 374 F. Supp. 1134, 1139 (E.D. Pa. 1973) ("where an insured relies upon a representation of his insurer and changes his position or does nothing in reliance thereon and injury results, an independent liability may arise from the insurance company"), *aff'd in part, vacated in part on other grounds*, 508 F.2d 129 (3d Cir. 1975). But as in *Prudential*, "that is not our case[,]" 553 F.3d at 266, because Smith does not plausibly allege that Plaintiff caused the dispute, but rather that Plaintiff failed to resolve the dispute caused by Defendants in his favor. Because they are "directly relat[ed] to [Plaintiff's] failure to resolve [the interpleaded] controversy," *id.* at 265, Smith's counterclaims against Plaintiff must be dismissed.

### III. Conclusion

For the foregoing reasons: (1) Plaintiff is DISCHARGED from any and all further liability in this matter, Defendants are ENJOINED from pursuing or instituting any proceedings against Plaintiff in connection with the Decedent's policy, and Plaintiff is GRANTED $400 costs from the fund Plaintiff

8

deposited with the court; (2) Plaintiff's motion to strike Smith's Rule 12(b)(6) motion is DISMISSED AS MOOT; and (3) Plaintiff's motion to dismiss Smith's counterclaims against it is GRANTED.

SO ORDERED this the __3ᵈ__ day of _September_ 2020.

_Richard E Myers II_
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE