IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-cv-00044-M

BANKERS LIFE AND CASUALTY )
COMPANY, )
 )
                Plaintiff, )
 )
v. ) **OPINION**
 ) **AND ORDER**
JANET BURDETTE; JENNIFER )
TALAVERA; and KENNETH R. SMITH, )
Trustee of the Shirley J. Tilton Irrevocable )
Trust, )
 )
                Defendants. )

This interpleader action concerning the proceeds of an insurance policy comes before the court on Defendants Janet Burdette and Jennifer Talavera's (collectively, the "Moving Defendants") motion to dismiss certain of Defendant Kenneth R. Smith's crossclaims brought against them, filed July 14, 2020. [DE-33]

For the reasons that follow, the Moving Defendants' motion is GRANTED.

## I.    Background

Plaintiff is an insurance company that issued a "Single Premium Deferred Annuity Policy" to Shirley J. Tilton (the "Decedent"), who died earlier this year. [DE-1 ¶¶ 1–6] Following Decedent's death, Burdette, Talavera, and Smith (in his capacity as trustee of the Shirley J. Tilton Irrevocable Trust) each claimed to be the beneficiaries of the policy, and Plaintiff filed this interpleader action seeking discharge from the case and asking the court to adjudicate the competing beneficiary claims. [DE-1 ¶¶ 7–13] By

1

earlier order, the court granted Plaintiff discharge from the case and noted that it would adjudicate the competing beneficiary claims at a later date. [DE-39]

On May 11, 2020, the Moving Defendants answered Plaintiff's complaint and jointly crossclaimed against Smith seeking to have themselves declared the lawful beneficiaries of the policy. [DE-18] Within his June 12, 2020 answer to the Moving Defendants' crossclaim, Smith brought a number of crossclaims against the Moving Defendants. [DE-29 at 4–20] Smith's crossclaims against the Moving Defendants included, *inter alia*, claims for (1) fraud, (2) civil conspiracy, and (3) conversion of personal property. [DE-29 at 12 ¶¶ 52–67, 17 ¶¶ 89–91]

On July 14, 2020, the Moving Defendants moved the court to dismiss these three crossclaims, arguing that they fail to state a claim upon which relief can be granted within the meaning of Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). [DE-33] In response to the Moving Defendants' motion, Smith agreed to dismiss the conversion claim but opposed dismissal of the fraud and conspiracy claims. [DE-38] No reply was thereafter filed, and the Moving Defendants' motion is accordingly ripe for adjudication.

## II. Standard of review

Federal Rule of Civil Procedure 8 ("Rule 8") requires a pleading to contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A defendant against whom a claim has been brought can challenge the claim's sufficiency under Rule 8 by moving the court to dismiss the claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), but any legal conclusions

2

proffered by the plaintiff need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

To survive a Rule 12(b)(6) motion, a plaintiff's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that a plaintiff's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

### III. Analysis

Because Smith has agreed to dismiss the conversion claim, the court must analyze the Moving Defendants' arguments concerning Smith's (1) fraud claim and (2) civil-conspiracy claim, which the court will address in turn.

3

*a. Fraud*

Under North Carolina law:[1]

> To establish a claim for fraud, [a] plaintiff must show that:
>
> > (1) [the] defendant[] made a representation of a material past or existing fact;
> >
> > (2) the representation was false;
> >
> > (3) [the] defendant[] knew the representation was false or made it recklessly without regard to its truth or falsity;
> >
> > (4) the representation was made with the intention that it would be relied upon;
> >
> > (5) [the] plaintiff did rely on it and that her reliance was reasonable; and
> >
> > (6) [the] plaintiff suffered damages because of her reliance.

*Musselwhite v. Cheshire*, 266 N.C. App. 166, 175, 831 S.E.2d 367, 375 (2019) (quotation marks and citation omitted).

In his fraud crossclaim, Smith describes two alleged false representations. First, Smith alleges that the Moving Defendants "falsely represented to the [Decedent] that they would provide for her and care for her so she could move to Wilmington, North Carolina, with them and not move into a facility." [DE-29 at 13 ¶ 53] However, Smith elsewhere alleges that the Moving Defendants "are acquaintances of the [Decedent] from church in Michigan who befriended the [Decedent], began serving as her caregivers and, in the Summer of 2017, moved the [Decedent] with them to Wilmington, North Carolina[.]" [DE-29 at 6

---

[1] In bringing his crossclaims, Smith invokes the court's diversity jurisdiction under 28 U.S.C. § 1332. [DE-29 at 5 ¶¶ 1–6] When one defendant interpleaded under 28 U.S.C. § 1335 brings a crossclaim against another interpleaded defendant invoking 28 U.S.C. § 1332, a district court applies federal procedural law and the substantive law of the state in which it sits. *See Commerce Funding Corp. v. Worldwide Sec. Servs. Corp.*, 249 F.3d 204, 209–10 (4th Cir. 2001) (applying Federal Rule of Civil Procedure 56 and Virginia tort law in reviewing grant of summary judgment on crossclaim brought by one interpleaded defendant against another); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938) (describing *Erie* doctrine).

4

¶ 10] Smith also alleges facts tending to show that, after the move to Wilmington, the Decedent was cared for and lived with one of the Moving Defendants. Indeed, Smith alleges that the Moving Defendants: (1) "[p]revent[ed] [Smith] from visiting the [Decedent]; (2) "[r]efus[ed] to allow [Smith] to speak with the [Decedent] on the telephone[,]" (3) "[f]ail[ed] to inform the [Decedent] when [Smith] had called[,]" and (4) "instruct[ed] *caregivers in the household* not to allow the [Decedent] to speak with" Smith. [DE-29 at 9 ¶ 35 (emphasis added)] The Moving Defendants would not be able to screen the Decedent's visitors or telephone calls were she living in a "facility." Rather, these allegations tend to establish that the Decedent was living with one of the Moving Defendants in a common "household" where she was provided with "care[]." Because Smith does not elsewhere allege that the Decedent was moved into a "facility" or not provided with care, Smith has failed to plausibly allege that the Moving Defendants made any false representations on this score.

Second, Smith alleges that the Moving Defendants "repeatedly represented to the [Decedent] that her nephew, Jeffrey J. Smith, would not get anything from the [Decedent's] estate, trust or policies 'as it will go to the state'" because Jeffrey "'will owe the state and they will take it.'" [DE-29 at 13 ¶ 54] These alleged misrepresentations apparently concerned whether the Decedent's nephew Jeffrey would be able to retain the proceeds of distributions he might receive from the Decedent's "estate, trust or policies[,]" or whether the State of Michigan—where Jeffrey was (and may still be) incarcerated [DE-29 ¶ 34]—would require Jeffrey to remit the distributions as reimbursement for the costs of Jeffrey's incarceration pursuant to Michigan's State Correctional Facility Reimbursement Act, Mich. Comp. Laws § 800.401 *et seq.* (the "SCFRA"). [DE-29 at 13 ¶¶ 54–55] Smith alleges that since the Moving Defendants allegedly told the Decedent that Jeffrey would not be able to retain the distributions under the SCFRA, the Moving Defendants committed fraud because "[i]f [Jeffrey] completed his sentence and was no longer under the jurisdiction of

5

the Michigan Department of Corrections, the state would have no claim to" the distributions. [DE-29 at 13 ¶ 55]

The court need not consider the substance of the SCFRA in order to conclude that such an allegation is insufficient to plead fraud. Representations regarding what may happen in an uncertain future cannot form the basis for an actionable false representation under North Carolina law. *See Musselwhite*, 266 N.C. App. at 175, 831 S.E.2d at 375 (fraud plaintiff must allege that defendant made a "false" representation regarding "a material *past or existing* fact" upon which the plaintiff reasonably relied (emphasis added)); *Keith v. Wilder*, 241 N.C. 672, 675, 86 S.E.2d 444, 446 (1955) (same). And any representation made by the Moving Defendants regarding what the State of Michigan might be able to require Jeffrey to do with distributions he received in the future—which ability, according to Smith, would depend upon (1) "*[i]f* [Jeffrey had] completed his sentence and was no longer under the jurisdiction of the Michigan Department of Corrections*" (2) when the Decedent passed away and the distribution vested [DE-29 at 13 ¶¶ 55 (emphasis added), 63 (same)], a confluence of multiple factors about which there could be no reasonable certainty in advance—are not representations regarding past or existing facts upon which the Decedent could have reasonably relied. Because they are not, such allegations cannot plausibly support a cause of action for fraud, and Smith's SCFRA allegation therefore also fails.

Because both of his fraud allegations fail, Smith's fraud count must be dismissed.

### b. *Civil conspiracy*

"North Carolina does not recognize an independent cause of action for civil conspiracy. A civil conspiracy claim must be based on an adequately pled underlying claim." *USA Trouser, S.A. de C.V. v. Williams*, 258 N.C. App. 192, 201, 812 S.E.2d 373, 380 (2018) (citation omitted). Here, as in *USA Trouser*, the claim underlying Smith's civil-conspiracy claim is fraud. [DE-29 at 14 ¶¶ 62–64 (rehashing Smith's allegations regarding the "false representations" described in Smith's fraud claim)] Because Smith's fraud

6

claims are not plausibly alleged under *Twombly* and *Iqbal*, *see supra* Section III(a), Smith's civil-conspiracy claim lacks an "adequately pled underlying claim" and must also be dismissed.[2]

## IV. Conclusion

For the foregoing reasons, the Moving Defendants' motion is GRANTED, and Smith's second, third, and eighth crossclaims are DISMISSED.

SO ORDERED this the 30th day of November, 2020.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE

---

[2] Because the court so holds, the court need not address the Moving Defendants' arguments regarding Smith's crossclaims' sufficiency under Federal Rule of Civil Procedure 9(b).

7